**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Armitage, et al., | No.  CV-25-02935-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Town of Gilbert, | |
| Defendant. | |

Before the Court is Defendant Town of Gilbert's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 21), Plaintiffs' Response (Doc. 25), and Defendant's Reply (Doc. 26). For the following reasons, the Motion will be granted.[1]

## I.    BACKGROUND

Plaintiffs Jeremy Armitage, Justin Ashton, Brent Bandura, Jacob Fletcher, Justin Hawley, Leo Hess, Matthew Kennedy, Robert Martinez, Shawn Willhite, and Maximilian Wulf initiated this action on August 14, 2025. (Doc. 1). On November 5, 2025, Plaintiffs filed an Amended Complaint (Doc. 16), which is the operative complaint in this case. Plaintiffs are current or former employees of the Gilbert Fire Department who allege that they were improperly denied overtime compensation in violation of the Fair Labor Standards Act ("FSLA"). (*Id.* at 3, ¶¶ 5–6). Plaintiffs bring this case as a collective action.

---

[1]    Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

(*See generally id.*).

Plaintiffs allege that in 2020, "the Gilbert Town Council authorized the Gilbert Fire Department to take over as the primary provider of ambulance services in the Gilbert community." (Doc. 16 at 2, ¶ 2). In accordance, the Gilbert Fire Department expanded its ambulance services and hired civilian employees. (*Id.*). However, "an increasing number of ambulance shifts" are staffed by sworn personnel from the Gilbert Fire Department. (*Id.* at 2–3, ¶ 3). In addition, Plaintiffs allege that "nearly all of the emergency calls they respond to are medical in nature," so they "rarely, if ever, engage in fire protection activities." (*Id.* at 7, ¶ 23). Plaintiffs allege that "when working ambulance shifts," they "have no responsibility to engage in fire protection activities." (*Id.*).

Plaintiffs assert that they have been improperly denied overtime pay because Defendant considers them exempted under 29 U.S.C. § 207(k), an exemption under FLSA that "permits public agencies like Gilbert to adopt an alternative work period for employees who are engaged in fire protection activities." (*Id.* at 9, ¶¶ 29–31). Under this exemption, Plaintiffs are ineligible to receive overtime compensation "until they [have] worked more than 56 hours in a 7-day period." (*Id.* at 9–10, ¶ 32). Plaintiffs allege that they should not be subject to the exemption in § 207(k) because Plaintiffs "did not engage in fire protection activities and did not have the responsibility to engage in fire protection activities when working shifts a paramedic or EMT on an ambulance, fire engine, or other apparatus." (*Id.* at 14, ¶ 46). Plaintiffs allege that they "are owed overtime compensation" as a result. (*Id.* at 15, ¶ 48).

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal

theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, "all allegations of material fact" in the complaint "are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).

### III.    DISCUSSION

Defendant Gilbert argues that the Amended Complaint should be dismissed for two reasons. First, Defendant asserts that Plaintiffs have not alleged facts supporting a plausible claim for overtime payment under FLSA. (Doc. 21 at 3–5). Second, Defendant argues that the Amended Complaint shows that Plaintiffs are engaged in fire protection activities. (*Id.* at 7–13). In response, Plaintiffs argue that their complaint satisfies Rule 8 and they did not have the responsibility to engage in fire protection activities. (Doc. 25 at 5–16). The Court will first consider whether Plaintiffs have satisfied the pleading standard.

The Ninth Circuit first addressed "the degree of specificity required to state a claim for failure to pay minimum wages or overtime wages under the FLSA" in light of *Twombly* and *Iqbal* in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014). The Ninth Circuit held that "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644–45. It is not necessary for a plaintiff to plead with approximation the number of overtime hours unpaid. *Id.* at 645 ("[W]e decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA."). The court explained that plausibility is "context-specific," and a plaintiff may establish a claim "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* In short, a plaintiff "should be able to allege facts demonstrating there was at least one workweek" in which they worked over forty hours and were not compensated under FLSA. *Id.*

In the Amended Complaint, Plaintiffs do not plead facts to show that they worked

in excess of forty hours in any given week without being compensated for the excess time in that week. Plaintiffs allege: "During the Collective Action Period, Defendant's use of the Section [207(k)] Exemption was improper and did not apply to Plaintiffs and the other members of the Gilbert [Fire Department] Collective during nearly every work period from 2022-2024." (Doc. 16 at 15, ¶ 48). Therefore, Plaintiffs allege that they "are owed overtime compensation for every work period that did not include time off due to vacation, sick leave, or a holiday." (*Id.*).[2] Plaintiffs allege that the exemption was improperly applied, but they do not allege facts indicating that they are actually entitled to overtime compensation for any given workweek because they worked over forty hours in a given week. *See also Salazar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2020 WL 5748129, at *5 (D. Ariz. Sept. 24, 2020) ("Thus, the fact that the Plaintiffs here are seeking class certification does not excuse them from alleging the named Plaintiffs' claims with sufficient factual detail.").

Plaintiffs allege that they do not know, precisely, how much they are owed by Defendant because the "employment and work records for Plaintiffs and the other members of the Gilbert [Fire Department] Collective are in the exclusive possession, custody and control of Defendant[]." (Doc. 16 at 16, ¶ 52). Indeed, the Ninth Circuit has acknowledged that a plaintiff need not allege compensation owed "with mathematical precision" because "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Landers*, 771 F.3d at 645–46 (citations omitted). However, Plaintiffs must still provide some facts plausibly showing that they worked over forty hours a week but were not compensated accordingly.

Because the Amended Complaint (Doc. 16) does not satisfy the pleading standard, the Court need not address the parties' arguments regarding the § 207(k) exemption. The Court will deny the amended complaint without prejudice.

---

[2] Plaintiffs also allege, for "notice purposes only," that they are owned overtime compensation "during the work periods which cover the following months: November 2023, December 2023, and January 2024." (Doc. 16 at 11, ¶ 34). However, Plaintiffs do not provide any explanation behind that assertion. (*Id.*).

### IV.    CONCLUSION

Defendant Gilbert's Motion to Dismiss (Doc. 21) will be granted. Plaintiffs' claims are based on the overarching allegation that they should not be exempted as employees in fire protection activities when they are working on the ambulance service, and therefore, they are entitled to overtime pay. However, Plaintiffs do not allege sufficient facts to state a claim for overtime payments because they do not allege that they worked in excess of forty hours in any given workweek. Even assuming Plaintiffs are not exempted, there are no facts upon which the Court can plausibly infer that Plaintiffs are entitled to overtime pay under FLSA.

However, Plaintiffs will be granted leave to amend the complaint because additional facts could cure this defect. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Accordingly,

**IT IS ORDERED** that Defendant City of Gilbert's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 21) is **granted**.

**IT IS FURTHER ORDERED** that that Amended Complaint (Doc. 16) is **dismissed without prejudice** and **with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file a Second Amended Complaint in accordance with this Order no later than **May 21, 2026**.

**IT IS FINALLY ORDERED** that if Plaintiffs elect not to file an amended complaint by **May 21, 2026**, the Clerk of Court shall enter judgment dismissing this action without further order of this Court.

Dated this 7th day of May, 2026.

Honorable Steven P. Logan
United States District Judge

5