**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Armitage, et al.,<br><br>Plaintiffs,<br>vs.<br><br>Town of Gilbert,<br><br>Defendant. | No. CV-25-02935-PHX-SPL<br><br>**ORDER** |

Defendant Town of Gilbert filed the instant Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 31). Plaintiffs filed a Response in Opposition (Doc. 34), and Defendant filed a Reply (Doc. 35). For the following reasons, the Motion will be granted.[1]

## I. BACKGROUND

Plaintiffs Jeremy Armitage, Justin Ashton, Brent Bandura, Jacob Fletcher, Justin Hawley, Leo Hess, Matthew Kennedy, Robert Martinez, Shawn Willhite, and Maximilian Wulf initiated this action on August 14, 2025. (Doc. 1). On November 5, 2025, Plaintiffs filed an Amended Complaint (Doc. 16). This Court granted Defendant's Motion to Dismiss on May 8, 2026, and dismissed Plaintiff's Amended Complaint with leave to amend. (Doc. 28). Plaintiffs timely filed a Second Amended Complaint ("SAC") on May 21, 2026. (Doc. 29).

Plaintiffs are current or former employees of the Gilbert Fire Department who allege

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

that they were improperly denied overtime compensation in violation of the Fair Labor Standards Act ("FSLA"). (Doc. 29-1 at 3–4, ¶¶ 5–6). Plaintiffs bring this case as a collective action. (*See generally id.*). As the Court previously summarized,

> Plaintiffs allege that in 2020, "the Gilbert Town Council authorized the Gilbert Fire Department to take over as the primary provider of ambulance services in the Gilbert community." ([Doc. 29-1] at 2, ¶ 2). In accordance, the Gilbert Fire Department expanded its ambulance services and hired civilian employees. (*Id.*). However, "an increasing number of ambulance shifts" are staffed by sworn personnel from the Gilbert Fire Department. (*Id.* at 2–3, ¶ 3). In addition, Plaintiffs allege that "nearly all of the emergency calls they respond to are medical in nature," so they "rarely, if ever, engage in fire protection activities." (*Id.* at [9], ¶ 23). Plaintiffs allege that "when working ambulance shifts," they "have no responsibility to engage in fire protection activities." (*Id.*).
>
> Plaintiffs assert that they have been improperly denied overtime pay because Defendant considers them exempted under 29 U.S.C. § 207(k), an exemption under FLSA that "permits public agencies like Gilbert to adopt an alternative work period for employees who are engaged in fire protection activities." (*Id.* at [12], ¶¶ 29–31). Under this exemption, Plaintiffs are ineligible to receive overtime compensation "until they [have] worked more than [53] hours in a 7-day period." (*Id.* at [12], ¶ 32). Plaintiffs allege that they should not be subject to the exemption in § 207(k) because Plaintiffs "did not engage in fire protection activities and did not have the responsibility to engage in fire protection activities when working shifts a paramedic or EMT on an ambulance, fire engine, or other apparatus." (*Id.* at [17–18], ¶ 46). Plaintiffs allege that they "are owed overtime compensation" as a result. (*Id.* at [19], ¶ 48).

(Doc. 28 at 1–2). This Court granted Defendant's prior Motion to Dismiss, finding that Plaintiffs had not satisfied their pleading standard showing that they had worked over forty hours per week. (*Id.* at 4).

In their SAC, Plaintiffs alleged that they "regularly worked 56 hours or more per

work week for the Gilbert Fire Department during the Collective Action Period[.]" (Doc. 29-1 at 3–8, ¶¶ 5, 7–16). Plaintiffs further alleged that "in every work week during the Collective Action Period that Plaintiffs and other members of the Gilbert FD Collective worked their regularly scheduled 56 hours . . . they are owed at least 16 hours of overtime[.]" (*Id.* at 10, ¶ 26). Plaintiffs pled that Gilbert FD Collective did not pay overtime and they are owed overtime compensation for "nearly every work period from 2022-2024." (*Id.* at 19, ¶ 48).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, "all allegations of material fact" in the complaint "are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).

## III. DISCUSSION

Defendant Gilbert argues that the Second Amended Complaint should be dismissed for failure to state a claim. (Doc. 31). Defendant first asserts that Plaintiffs failed to correct the deficiencies in their prior Amended Complaint, identified by this Court's dismissal Order (Doc. 28). (Doc. 31 at 3–6). Defendant argues that Plaintiffs have not pled with sufficient specificity the workweeks that they allegedly worked overtime, as required to state a claim under the FLSA. (*Id.*). Second, Defendant argues that the Second Amended Complaint shows that Plaintiffs are exempt from overtime payment pursuant to 29 U.S.C. § 207(k) (hereinafter, "Section 7(k)"), because they are engaged in fire protection activities. (*Id.* at 6–13). Defendant asks that this Court dismiss Plaintiffs' claims with prejudice and

without leave to amend. (*Id.* at 14). In response, Plaintiffs argue that their SAC satisfies Rule 8 by identifying specific work periods that they worked overtime "including work periods in November 2023, December 2023, and January 2024." (Doc. 34 at 6–16). Plaintiffs also contend that they did not have the responsibility to engage in fire protection suppression activities during their ambulance shift, precluding application of the Section 7(k) exception. (*Id.*). The Court will first consider whether Plaintiffs have satisfied the pleading standard.

**A. Pleading Standard for FLSA claims**

As the Court explained in its prior dismissal Order (*see* Doc. 28 at 3–4), *Landers v. Quality Communications, Inc.* sets the pleading standard for FLSA minimum wage or overtime wage cases in the Ninth Circuit, in light of *Twombly* and *Iqbal*. 771 F.3d 638 (9th Cir. 2014). "[I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644–45. While plaintiffs are not required to allege the number of overtime hours "with mathematical precision," a plaintiff "should be able to allege facts demonstrating there was at least one workweek" in which they worked over forty hours and were not compensated under FLSA. *Id.* at 646 (citation omitted).

In the Second Amended Complaint, Plaintiffs added to their Complaint that they "regularly worked 56 hours or more per week." (Doc. 30-1 at 10, ¶ 25). Plaintiffs further specify for each individual Plaintiff that they "regularly worked 56 hours or more per work week during the Collective Action Period." (*Id.* at 4–8, ¶¶ 7–16). Plaintiffs allege: "During the Collective Action Period, Defendant's use of the Section [207(k)] Exemption was improper and did not apply to Plaintiffs and the other members of the Gilbert [Fire Department] Collective during nearly every work period from 2022-2024." (*Id.* at 19–20, ¶ 48). However, Plaintiffs still fail to specify *at least one workweek* in which they worked

over forty hours and were not compensated.[2] *See Landers*, 771 F.3d at 646. Plaintiffs' claims that they "regularly" worked 56 hours during the Collective Action Period is insufficient to rise to the pleading standard in *Landers*. *See Harbaugh v. Pac. Cap. Enters. LLC,* No. CV-19-04720-PHX-JAT, 2020 WL 2840053, at *2 (D. Ariz. June 1, 2020) (finding a plaintiff who alleged she "routinely" worked over forty hours in a workweek, in addition to weekends, failed to state a claim under *Landers*); *Salazar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2020 WL 5748129, at *5 (D. Ariz. Sept. 24, 2020) (dismissing plaintiffs' complaint for failure to allege a "given week" in which they worked more than forty hours and did not receive overtime). That Plaintiffs here bring their SAC as a collective action does not excuse their specific pleading requirements. *See Salazar*, 2020 WL 5748129, at *5 ("[T]he fact that the [p]laintiffs here are seeking class certification does not excuse them from alleging the named [p]laintiffs' claims with sufficient factual detail.").

Plaintiffs continue to allege that they do not know precisely how much they are owed by Defendant because the "employment and work records for Plaintiffs and the other members of the Gilbert [Fire Department] Collective are in the exclusive possession, custody and control of Defendant[]." (Doc. 29 at 20–21, ¶ 52). This, however, does not excuse Plaintiffs' pleading requirements; Plaintiffs must still provide some facts to plausibly show they worked over forty hours in a given workweek. *See Landers*, 771 F.3d at 646.

Thus, the Second Amended Complaint (Doc. 29) fails to satisfy the pleading standard for an FLSA overtime wages cause of action. While the Motion to Dismiss could be granted solely on this ground, the Court will briefly turn to address the parties' arguments regarding the § 207(k) exemption.

///

---

[2] As the Court noted in its prior Order, Plaintiffs' allegations for "notice purposes only," that they are owned overtime compensation "during the work periods which cover the following months: November 2023, December 2023, and January 2024" (Doc. 29-1 at 14, ¶ 34) are also insufficient to state a claim. (*See* Doc. 28 at 4 n.2).

**B. Exemption in Section 207(k)**

First, Defendant argues that Plaintiffs meet all the requirements outlined in section 203(y), and therefore, the overtime exemption applies. (Doc. 31 at 6–13). More specifically, Defendant argues in their Reply that the Section 7(k) exemption applies to Plaintiffs because "the absence of active firefighting does not defeat the exemption where the employee remains trained and has the authority and responsibility to respond to fires." (Doc. 35 at 5). Plaintiffs argue in their Response that they did not have the responsibility to engage in fire protection activities while working the specific ambulance shifts at issue, like the dual function paramedics in *Cleveland*.[3] (Doc. 34 at 14).

The FLSA provides "for the payment of premium overtime compensation at one and one-half times the regular rate when an employee works more than forty hours in a seven-day week." *Cleveland*, 420 F.3d at 984–85 (citing 29 U.S.C. § 207(a)). Section 7(k) provides an exemption to this rule for "employment by public agency engaged in fire protection or law enforcement activities." 29 U.S.C. § 207(k). "Under this exemption, an employer must compensate fire protection employees with payment of premium overtime payment only after 204 hours of work within a twenty-seven-day period." *Cleveland*, 420 F.3d at 985 (citing § 207(k)(2)). In 1999, Congress amended FLSA to define an "employee in fire protection activities" as:

> [O]ne who: (1) is trained in fire suppression; (2) has the legal authority and *responsibility* to engage in fire suppression; (3) is employed by a fire department of a municipality, county, fire district, or State; and (4) is either engaged in the prevention, control, and extinguishment of fires or responds to emergency situations where life, property, or the environment is at risk.

*Cleveland*, 420 F.3d at 988–989 (citing 29 U.S.C. § 203(y)).

In *Cleveland v. City of Los Angeles*, the Ninth Circuit considered whether the plaintiffs, who were sworn firefighters, had the responsibility to engage in fire suppression when they were working as paramedics on ambulances within the meaning of FLSA. *Id.* at

---

[3] *Cleveland v. City of Los Angeles*, 420 F.3d 981 (9th Cir. 2005).

984–89. The parties' briefing in this matter considers the same question. (*See* Docs. 29, 31, 34, 35). In *Cleveland*, the Ninth Circuit upheld the district court's finding that the City did not show that the firefighters acting as paramedics ("dual function paramedics") had the responsibility to engage in fire suppression based on the record. *Id.* at 990–91. The court's decision was based on evidence including the kinds of equipment in the ambulances as well as the type of work performed by the dual function paramedics. *Id.* at 990. Because it found that the City did not show the plaintiffs were employees engaged in fire protection, the Ninth Circuit upheld the district court's finding that the § 207(k) exemption did not apply to the dual function paramedics.

Here, the parties dispute whether Plaintiffs meet the four requirements of section 203(y)—specifically, whether Plaintiffs have the responsibility to engage in fire protection activities while assigned to ambulance shifts. (*See* Docs. 31, 34). While Defendant alleges that Plaintiffs are all "sworn fire personnel" who are "trained in fire suppression" (Doc. 31 at 9), such conclusions are inadequate to demonstrate the application of an exemption under *Cleveland*. *See Cleveland*, 420 F.3d at 990–91. Defendant accurately identifies that the FLSA exemption standard of review was clarified from being given a "narrow" application to a "fair reading" in *Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 88–89 (2018). (*See* Doc. 31 at 10). However, such a decision did not overturn the reasoning employed by the *Cleveland* court. *See Encino Motorcars, LLC*, 584 U.S. at 88–89; *Cleveland*, 420 F.3d at 988. It appears to remain Defendant's obligation to prove that Plaintiffs meet each element of the Section 7(k) exemption for employees in dual function roles. *See Cleveland*, 420 F.3d at 988; *see also Litvinova v. City & Cnty. of San Francisco*, 615 F. Supp. 3d 1061, 1065 (N.D. Cal. 2022) (holding that the City, as the party seeking an exemption from FLSA's overtime requirements as an affirmative defense, holds the burden of proof), *rev'd and remanded on other grounds sub nom. Silloway v. City & Cnty. of San Francisco*, 117 F.4th 1070 (9th Cir. 2024).

Here, Plaintiffs have pled that they each individually worked "as a paramedic or EMT during which [they] performed no fire protection activities and had no responsibility

to perform any fire protection activities[.]" (Doc. 29-1 at 4–8, ¶¶ 7–16). Having pled such facts, Gilbert now has the burden show Plaintiffs were "either engaged in the prevention, control, and extinguishment of fires or responds to emergency situations where life, property, or the environment is at risk[.]" *See Cleveland*, 420 F.3d at 989. Such a fact intensive inquiry, such as an examination of the equipment carried on an ambulance, the dispatch of Plaintiffs to emergency scenes, the gear worn by Plaintiffs, and evidence of the services Plaintiffs performed, *see id.* at 990, is better suited for summary judgment. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 945 (9th Cir. 2009) ("[A]nalysis of the FLSA exemption is a fact-intensive inquiry.") (denying class certification based on the fact-intensive individual analysis required to assess each employee's exempt status regarding a different FLSA statute, 29 U.S.C. § 213(a)(1)).

Accordingly, Plaintiffs' SAC will be dismissed only on the grounds that it failed to satisfy the pleading standard required under *Landers* for a FLSA overtime wages cause of action. Defendant's argument regarding the applicability of the exemption in Section 207(k) fails at this stage.

## IV. CONCLUSION AND LEAVE TO AMEND

Defendant Gilbert's Motion to Dismiss (Doc. 31) will be granted. Plaintiffs fail to allege sufficient facts to state a claim for overtime payments because they do not allege that they worked in excess of forty hours in any given workweek. Even assuming Plaintiffs are not exempted, there are no facts upon which the Court can plausibly infer that Plaintiffs are entitled to overtime pay under FLSA.

Plaintiffs will be granted leave to amend the complaint because additional facts could cure this defect. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). However, if Plaintiffs again fail to plead a plausible claim, this action may be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 31) is **granted**.

**IT IS FURTHER ORDERED** that the Second Amended Complaint (Doc. 29) is **dismissed without prejudice** and **with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file a Third Amended Complaint in accordance with this Order no later than **November 4, 2026**. Plaintiffs are on notice that if they again fail to cure the deficiencies in their Complaint, this action may be dismissed with prejudice and without leave to amend

**IT IS FINALLY ORDERED** that if Plaintiffs elect not to file an amended complaint by **November 4, 2026**, the Clerk of Court shall enter judgment dismissing this action without further order of this Court.

Dated this 20th day of October, 2026.

Honorable Steven P. Logan
United States District Judge